IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAXIE A. MOORE,

        Petitioner,        Civil No. 04-1272-TC

        v.                           FINDINGS AND
                                        RECOMMENDATION,
WARDEN CHARLES DANIELS,      and ORDER

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner's Motion for Leave of Court to File Supplement (#12) is allowed.

    On March 23, 2001, petitioner was convicted in the United States District Court, Western District of Washington of Social Security Fraud, False Representation of a Social Security Number, and False Statement. Petitioner was sentenced to 71 months of imprisonment, followed by three years of supervised release. Petitioner is presently

1 - FINDINGS AND RECOMMENDATION and ORDER

incarcerated at The Federal Correctional Institution at Sheridan, Oregon (FCI Sheridan).

On September 9, 2004, petitioner filed a petition under 28 U.S.C. § 2241 alleging that the Bureau of Prisons (BOP) wrongfully placed in his BOP record a "Public Safety Factor (PSF) for Sex Offender" notice of classification, which has resulted in a denial of early release consideration under the Residential Drug and Alcohol Treatment Program (RDAP), 18 U.S.C. § 3621(e). Petitioner seeks early release eligibility under RDAP and, upon completion of the program, transfer to a Community Corrections Center or placement in a half-way house.

The relevant facts are as follows.[1] On March 1, 2001, the United States Probation Office prepared a pre-sentence report (PSR) relative to petitioner's most recent federal convictions.[2] The PSR includes a notation of a state conviction on July 8, 1994, for Contributing to the Sexual Delinquency of a Minor, in violation of ORS 163.435 and mentions other alleged incidents of sexual contact between petitioner and minors.

On November 29, 1995 and again on April 18, 2001, the BOP

---

[1] Respondent's Response to Petition (#7) and exhibits thereto detail petitioner's previous convictions and petitioner's previous administrative and legal actions challenging his custody classification at other institutions. It is not necessary to review those facts here.

[2] The report also refers to petitioner as "Mr. O'Neal."

2 - FINDINGS AND RECOMMENDATION and ORDER

reviewed petitioner's custody classification, background and security needs based on the PSR, and petitioner was given a classification of Public Safety Factor of Sex Offender.

On May 19, 2004, petitioner arrived at FCI Sheridan. On June 1, 2004, petitioner's custody classification was again reviewed and found to be appropriate.

On July 20, 2004, petitioner filed a BP-9 in which he alleged wrongful denial of early release eligibility under RDAP. On July 17, 2004, the Warden denied his request because petitioner has a PSF for sex offender classification. Petitioner did not file a BP-10 or BP-11.

On August 16, 2004, petitioner began participating in the Residential Drug Treatment component of the RDAP. Petitioner is scheduled to graduate from the Drug Abuse program phase of the RDAP on May 16, 2005. Petitioner's projected release date is April 16, 2006, via Good Time Release.

It is well settled that federal prisoners are required to exhaust all available administrative remedies prior to filing a petition for federal habeas corpus relief. Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986).

The record before the court establishes that petitioner has failed to exhaust his administrative remedies with respect

to his claim. The appropriate ruling under such circumstances is to deny the petition without prejudice and dismiss the proceeding. However, when a petitioner's claim clearly fails on the merits, the interests of comity and judicial efficiency are better served by addressing the claim. <u>Walters v. Maass</u>, 45 F.3d 1355, 1360 n. 6 (9th Cir. 1995); <u>see also</u>, <u>Granberry v. Greer</u>, 418 U.S. 129, 135 (1987). Accordingly, for the reasons set forth below, I find that it is appropriate to address the merits of petitioner's claim.

Program Statement 5100.07 lists nine public safety factors which are applied to inmates who are not appropriate for placement at an institution which would permit their access to the community, (ie. minimum security institutions).

A PSF for Sex Offender is defined as follows: "A Male or female inmate whose behavior in the current term of confinement or prior history includes one or more of the following elements shall be housed in at least a Low security level institution, unless the PSF has been waived. A conviction is not required for application of this PSF if the PSI, or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history. .." Among the behaviors listed as mandating a PSF for Sex Offender is "(3) Any sexual contact with a minor or other person physically or mentally incapable

of granting consent."

The State of Oregon defines the crime of Contributing to the Sexual Delinquency of a Minor as including: "(1) A person 18 years of age or older commits the crime of contributing to the sexual delinquency of a minor if: (a) Being a male, he engages in sexual intercourse with a female under the age of 18 years of age; ...."

Clearly, petitioner's conviction for Contributing to the Sexual Delinquency of a Minor and other sexual contacts with minors as documented in the PSI serve as a proper foundation for the BOP's application of the Sex Offender PSF.

Petitioner does not specifically allege a Constitutional ground for his claim regarding his PSF for Sex Offender classification. Petitioner's main argument seems to be that when his sentence for his current conviction was imposed, U.S. District Court Judge Jack E. Tanner specifically indicated that he would not consider the matters in the pre-sentence report having to do with petitioner's previous sex offenses. Petitioner further argues that his sexual contacts with minors were consensual. For the reasons discussed below, petitioner's arguments in this regard are immaterial.

Petitioner generally alleges that his right to due process is violated by the PSF for Sex Offender and also refers to equal protection.

5 - FINDINGS AND RECOMMENDATION and ORDER

However, the Supreme Court has noted that prison classification and eligibility for rehabilitative programs in the federal system are matters delegated by Congress to the "full discretion" of federal prison officials. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). The Ninth Circuit has similarly held that a prisoner has no Constitutional right to a particular classification status. Hernandez v. Johnson, 833 F.2d 1316, 1318 (9th Cir. 1987)(affirming Magistrate Judge conclusion to that effect), citing, Moody; see also, Garcia v. Garibay, 122 F.3d 1071 (9th Cir. 1997) (prisoner civil rights plaintiff had no liberty interest in classification status).

Petitioner argues that he is eligible for early release consideration under the RDAP.

Participation in the BOP's RDAP is strictly voluntary. However, to encourage inmates to participate in the program, the BOP offers incentives to inmates. See, 28 C.F.R. § 550.57. As part of the Violent Crime Control and Law Enforcement Act of 1994, Congress granted the Director of the BOP the discretion to grant early release (not exceeding 12 months) to inmates who successfully completes **all** phases of RDAP.

The BOP has promulgated regulations indicating various categories of inmates who are ineligible for early release. Program Statement 5331.01, Early Release Procedures Under 18 U.S.C. §3621(e), states that at the discretion of the BOP

6 - FINDINGS AND RECOMMENDATION and ORDER

Director certain inmates may not be eligible for early release, including: "(iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, aggravated assault, or child sexual abuse offenses ...."

The Ninth Circuit Court of Appeals has upheld the BOP's regulation that denied inmates who have completed a drug treatment program a one-year sentence reduction because of a prior conviction for violent crime and that denial of such early release does not conflict with the enabling statute. By providing that a sentence "may be reduced," section 3621 (e)(2)(B) gives the BOP broad discretion to either grant or deny the one-year reduction, and does not limit the BOP to consideration of the current conviction when deciding whether an inmate will be eligible for a sentence reduction. Jacks v. Crabtree, 114 F.3d 983 (9th Cir. 1997), rehearing en banc denied (Oct. 14, 1997); cert denied, 523 U.S. 1009 (1998); see also, Grassi v. Hood, 251 F.3d 1218 (9th Cir. 2001); Bowen v. Hood, 202 F.3d 1211 (9th Cir. 2000). In Lopez v. Davis, 531 U.S. 230 (2001), the Supreme Court affirmed that the BOP has the discretion to deny certain inmates early release consideration.

Inmates who have a PSF for Sex Offender status may not ordinarily participate in a Community Corrections Center (CCC) or be placed in a halfway house. See, Response (#7)

7 - FINDINGS AND RECOMMENDATION and ORDER

Attachment 8 (Program Statement 7310.04, <u>Community Corrections Center Utilization and Transfer Procedure</u>). The BOP has the discretion to deny an inmate this placement when he poses a safety or security threat to other inmates, staff and/or the public. Placement in a CCC is a necessary prerequisite for successfully completing the RDAP and becoming eligible for early release. 18 U.S.C. § 3621(e)(2). Thus, petitioner cannot complete "all phases" of the RDAP to become eligible for early release because he is not eligible for CCC or half-way house placement.

Moreover the BOP is authorized to designate the place of confinement of federal prisoners. 18 U.S.C. § 3621(b). Thus, an inmate has no right to half-way house placement. An inmate has no right to be confined in any particular prison. <u>Olim v. Wakinekona</u>, 461 U.S. 238 (1983); <u>Meacham v Fano</u>, 427 U.S. 215 (1976).

Petitioner generally alleges that the RDAP regulations do not comply with the Administrative Procedure Act, citing <u>Bohner v. Daniels</u>, 243 F.Supp.2d 1171 (D. Or. 2003). However, petitioner does not specifically allege how the BOP failed to comply with the APA or how he was prejudiced by such non-compliance. To the extent that petitioner relies on the Administrative Procedure Act to support his claim that the BOP's RDAP regulations are not valid, his claim fails because

8 - FINDINGS AND RECOMMENDATION and ORDER

"[p]rogram statements are not subject to the rigors of the Administrative Procedure Act ..." Grassi v. Hood, 251 F.3d at 1220. The APA applies only to substantive rules, which are those rules which "impose new rights or obligations by changing an existing law," but not to "interpretative rulres, general statements of policy, or rules of agency organization, procedure or practice." Gunderson v. Hood, 268 F.3d 1149, 1154 (9th Cir. 2001).

Based on all of the foregoing, I find that petitioner has failed to establish entitlement to the relief he seeks in this proceeding. Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

DATED this 24t day of March, 2005.

_____
Thomas M. Coffin
United States Magistrate Judge